IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19 CR 00634-1 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| | ) | |
| CORDARO BONNER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Defendant Cordaro Bonner filed the present motion for sentence modification pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.) [77]. The Government opposes Defendant's motion. The Court denies Defendant's motion without prejudice because granting Defendant's requested relief would have no effect on Defendant's applicable guideline range.

**I.      Background**

The Court credits and restates the Government's uncontroverted version of the relevant background facts to the extent that it is supported by the record.

On August 7, 2019, Defendant was charged in a two-count indictment with unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count One), and possession of a controlled substance, namely marijuana, in violation of 21 U.S.C. § 844(a) (Count Two). (Dkt. 1.) On January 19, 2022, Defendant voluntarily pleaded guilty to Count One of the indictment pursuant to a plea agreement with the Government.

In its Presentence Investigation Report (PSR) filed on March 2, 2022, the Probation Office determined that Defendant had 17 criminal history points based on his prior criminal convictions. PSR ¶ 62. Additionally, the Probation Office assigned two "status points" under § 4A1.1 because

1

Defendant was on probation at the time of the offense. PSR ¶¶ 63-64. The Probation Office determined that the total offense level was 23, which, when combined with a criminal history category of VI, resulted in an advisory guidelines sentencing range of 92 to 115 months. *Id.* at ¶ 152. Neither the Government nor Defendant objected to this calculation in their respective sentencing memoranda. *See* Dkt. 57 at *4 (Defendant); Dkt. 58 at *2 (Government).

On April 14, 2022, this Court sentenced Defendant to 62 months of incarceration on Count One, with credit for time already served, as well as a term of three years of supervised release. (Dkt. 64.) Defendant is currently serving his sentence at FCI Marion in Marion, Illinois. His projected release date is August 5, 2026.

## II. Discussion

Section 3582(c)(2) sets forth a two-step approach to determining sentence reductions. *Dillon v. United States*, 560 U.S. 817, 827 (2010). The first step requires the court to determine if the prisoner is eligible for a sentence modification and, if so, assess the extent of the reduction authorized under U.S.S.G. § 1B1.10. The second step requires the court to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether, "in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

Defendant's motion does not overcome the requirements of the first step. Section 1B1.10(a)(2)(b) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (d) [including Amendment 821] does not have the effect of lowering the defendant's applicable guideline range." Here, Defendant was assigned 19 criminal history points. He therefore was placed in criminal history category VI, which is appropriate for defendants with 13 or more criminal history points. Even if the Court were to retroactively apply Amendment 821, thus

2

adding only 1 "status" criminal history point as opposed to two, Defendant's new criminal history point calculation of 18[1] would still place him into criminal history category VI, and the applicable guideline range would remain at 92 to 115 months of incarceration. Because the amendment has no effect on Defendant's applicable guideline range, Defendant is ineligible for relief.

## III.     Conclusion

The Court denies Defendant's motion for relief under Amendment 821 [77] without prejudice because granting Defendant's requested relief would have no effect on Defendant's applicable guideline range.

**IT IS SO ORDERED.**

Sharon Johnson Coleman
United States District Judge

DATED: 12/18/2024

---

[1] The Court notes that the Government's opposition to Defendant's motion calculates a criminal history score of 17 if the amendment were applied to Defendant. (Dkt. 81 at *5.) The Court reaches a different calculation, as Part A to Amendment 821 would require that one point, instead of two points, be added to Defendant's base criminal history score of 17. The difference between the two calculations, however, is inconsequential, as neither affects Defendant's applicable guideline range.